IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANGELA GASCA                                                                                            PLAINTIFF

vs.                                         Civil No. 2:16-cv-02004

CAROLYN W. COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Angela Gasca ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on January 31, 2013. (Tr. 11). In this application, Plaintiff alleges being disabled due to chronic anxiety and panic disorder. (Tr. 173). Plaintiff alleges an onset date of January 1, 2010. (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 25-50). Plaintiff was subsequently incarcerated and did not request an administrative hearing. (Tr. 144-146). Instead, she requested her case be decided base upon the

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

information contained in the record. *Id.*

On November 14, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 8-20). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 31, 2013, her application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: mental disorders (mood/affective disorders, major depressive disorder, bipolar disorder); personality disorder; and substance abuse, alcohol, and drugs. (Tr. 13-14, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and her RFC. (Tr. 15-18, Finding 4).. First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform a wide range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant is able to perform work where interpersonal contact with co-workers and supervisors is only incidental to the work performed, there is no contact with the general public, the complexity of tasks is learned and performed by rote, with few variables and little use of judgment, and the supervision required is simple, direct, and concrete.

*Id.*

The ALJ found Plaintiff had a limited education and was able to communicate in English. (Tr. 19, Finding 7). The ALJ also found Plaintiff was thirty-six (36) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 18, Finding 6). The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 18,

2

Finding 5).

The ALJ then determined whether Plaintiff retained the capacity other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 9). A vocational expert responded to written interrogatories on this issue. *Id.* Considering Plaintiff's RFC and other limitations, the ALJ determined a hypothetical person with those limitations retains the capacity to perform occupations such as the following: (1) hand packager (medium, unskilled) with 41,155 such jobs in the national economy and 315 such jobs in Arkansas; (2) power screwdriver operator (light, unskilled) with 61,176 such jobs in the national economy and 422 such jobs in Arkansas; and (3) production worker (light, unskilled) with 51,639 such jobs in the national economy and 360 such jobs in Arkansas. *Id.* Because Plaintiff retained the capacity to perform these jobs, she retained the capacity to perform other work. *Id.* Accordingly, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 31, 2013 (application date) through November 14, 2014 (ALJ's decision date). (Tr. 20, Finding 10).

Plaintiff sought review with the Appeals Council. (Tr. 6). Thereafter, on December 17, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On January 7, 2016, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 6, 12-13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12 at 7-12. Specifically, Plaintiff claims the following: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred by failing to properly evaluate her drug and alcohol use; (C) the ALJ erred in assessing her credibility; and (D) the ALJ erred in his assessment of her physical limitations. *Id.* The Court will consider all of these arguments for reversal.

    A.    **ALJ's Record Development**

Plaintiff claims the ALJ erred in developing the record in her case. ECF No. 12 at 7-9. Plaintiff claims she has a "long history of psychiatric problems," and the ALJ should have ordered a second consultative examination to assess her mental impairments. *Id.*

Upon review of Plaintiff's claim, the Court finds it is without merit. Indeed, recognizing the need to develop the record, the ALJ did request a consultative examination to assess the extent of Plaintiff's mental impairments. (Tr. 334). This evaluation was to be performed on May 2, 2013 by

Dr. Patricia J. Walz, Ph.D. *Id.* Dr. Walz, however, was unable to perform the evaluation. Instead of a report, Dr. Walz wrote a letter outlining her encounter with Plaintiff:

> Ms. Gasca had been scheduled twice in 2012 and was a no show both times. Today she was 1/4 hour early. My office manager was not here today and I was in my office with another claimant. Ms. Gasca was going in and out of [the] building slamming the door. I had a sign on the window on the window to the reception area asking people to sit and wait. Instead of doing this, she opened the glass window and yelled back, "Hey, Hello!" I stepped out and asked her to have a seat. She sat briefly but then I heard her storming in and out of the building. I was finished with the other claimant in about 5 minutes and checked Ms. Gasca in. She didn't have an ID but she verified her date of birth and Social Security number. I asked her to have a seat and went back in my office to log her into my computer for evaluation. I was only in the office a couple of minutes and she started banging on the glass window, opened it again, and yelled, "Hello, Hey Hey!" I went out and asked her to stop pounding on the glass, as I was afraid she'd break it. She was pacing around and said, "Are you going to let me see my doctor? If you're not, I'm leaving" She was verbally aggressive and her stance was aggressive. I told her it would be best if she left. She went out into her car. The other claimant was waiting outside for her ride, so I had her come inside and locked the door. After 5 minutes, Ms. Gasca and another woman came to the door and the woman asked what had happened. I explained that Ms. Gasca had acted erratically and was pounding on my glass window. She didn't seem surprised by the behavior. Ms. Gasca retorted, "I have no idea what is going on." Her companion escorted her back to the car and they left. I respectfully request that if she is rescheduled, it not be with me. Her behavior was aggressive and she frightened me.

(Tr. 334). Based upon this letter, the Court finds it was entirely proper for the ALJ to not order a *second* consultative examination to address those limitations Dr. Walz was hired to assess.

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no showing of prejudice or unfair treatment. ECF No. 12 at 7-9. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

### B. RFC Determination

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 12 at 9-11. Plaintiff claims the ALJ's assessment was pulled "out of thin air," and Plaintiff also claims the ALJ erred by failing to consider whether her drug and alcohol abuse were a contributing factor material to the disability determination. *Id.*

As for the ALJ's RFC assessment, Plaintiff has not supplied evidence demonstrating any *specific* limitations greater than those found by the ALJ. Plaintiff has the burden of demonstrating her RFC limitations. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (citation omitted) (recognizing "[a] disability claimant has the burden to establish her [or her] RFC"). Here, because Plaintiff has not provided any specific ways the ALJ erred in assessing her RFC, the Court finds no basis for reversal on this issue. *See, e.g., Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

Further, as for her second claim, Plaintiff is correct that a different standard applies when evaluating drug abuse and alcoholism. Under this standard, the ALJ must first evaluate disability and then determine if alcoholism and drug use were a material factor in determining the claimant's alleged disability. *See* 20 C.F.R. § 404.1535 (1995). This analysis, however, only applies if the ALJ first determines the claimant is *disabled*. In the present action, the ALJ determined Plaintiff was not disabled. Thus, this analysis would not apply.

As a final point, Plaintiff takes issue with the ALJ's statement that "the above residual functional capacity assessment is supported by the evidence which shows that the claimant is able

to perform unskilled work *when she abstains from alcohol and drug abuse and is not incarcerated.*" (Tr. 18) (emphasis added). Plaintiff claims that because the ALJ made a finding regarding her drug abuse and alcohol use, he should have applied 20 C.F.R. § 404.1535. *Id.* However, upon review of the record in this case, during the relevant time period in this case (application date of January 31, 2013 through the date of the ALJ's decision or through November 14, 2014), there was *no demonstration* of alcohol and drug abuse. Plaintiff was incarcerated from July 2012 through January 2013 and again in May 2013, and these records do not indicate any drug or alcohol abuse. (Tr. 316-332). Plaintiff's emergency room records dated February and April of 2013 do not indicate any current drug abuse or alcoholism. (Tr. 348-416). Thus, because there was no evidence of drug or alcohol abuse during the relevant time period, the ALJ was not required to perform a special technique for drug abuse or alcoholism.

    **C.**    **Credibility Determination**

Plaintiff claims the ALJ's credibility determination is not sufficient. ECF No. 12 at 11-12. Specifically, Plaintiff claims the ALJ gave "*zero analysis*" for the credibility of Plaintiff's statements. *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with *Polaski* in evaluating Plaintiff's credibility. (Tr. 14-18). In his opinion, the ALJ noted Plaintiff had only a mild restriction in her activities of daily living and "is able to feed and dress herself and to attend to personal hygiene without assistance . . . goes out alone, rides in a car, shops in stores, and pays her bills . . . perform

9

household chores and prepare simple meals." (Tr. 14). The ALJ noted Plaintiff's erratic behavior at Dr. Walz's office. (Tr. 17-18). The ALJ noted that while incarcerated, Plaintiff complained of asthma and asked for an inhaler but on examination, her "lungs were clear with no respiratory distress." (Tr. 17). Based upon this information, the Court finds the ALJ supplied "good reasons" for his credibility determination. Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

Notably, Plaintiff also appears to suggest the ALJ was required to discuss *every Polaski* prior to discounting her subjective complaints. Clearly, however, under Eighth Circuit law, the ALJ is not required to discuss *every Polaski* factor. *See Casey v. Astrue,* 503 F.3d 687, 695 (8th Cir. 2007) (recognizing "[w]hile these considerations must be taken into account, the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility").

### D. Physical Limitations

Plaintiff claims the ALJ erred in evaluating her physical limitations. ECF No. 12 at 12. Plaintiff, however, did not allege in her application that she was disabled due to a physical impairment. (Tr. 173). Thus, the Court cannot find the ALJ was under an obligation to consider any now-alleged physical impairments. *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993) and holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'"). Thus, this Court cannot find this is a basis for reversal.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of January 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE